UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

VICKI ANN BECKETT,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. 1:17-CV-303
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
COMMISSIONER OF SOCIAL SECURITY,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀)

## MEMORANDUM AND ORDER

This Social Security appeal is before the Court for consideration of the Commissioner's objections [doc. 26] to the Report and Recommendation ("R&R") filed by United States Magistrate Judge Susan K. Lee [doc. 23]. The plaintiff has responded to the Commissioner's objections [doc. 27]. For the reasons that follow, the Court **OVERRULES** the Commissioner's objections and **AFFIRMS** Judge Lee's finding that Plaintiff's motion for summary judgment [doc. 17][1] should be **GRANTED IN PART**, the Commissioner's motion for summary judgment [doc. 21] should be **DENIED**, and the decision of the Commissioner should be **REVERSED AND REMANDED** for further proceedings.

---

[1] Judge Lee correctly notes that Plaintiff's first motion for summary judgment [doc. 15] is identical to Plaintiff's second motion for summary judgment [doc. 17]. Accordingly, the Court agrees with Judge Lee's recommendation that Plaintiff's first motion for summary judgment [doc. 15] be **TERMINATED**.

## I.  Background

Plaintiff filed her application for disability insurance benefits on July 25, 2013, alleging disability beginning January 29, 2013.  Plaintiff's claims were denied initially and on reconsideration at the agency level.  On July 1, 2014, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held in Chattanooga, Tennessee, on February 5, 2016.  On August 25, 2016, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Plaintiff timely filed the instant action.

In her Disability Report, Plaintiff alleged disability due to "lung surgery, heart condition, back and knee problems, diabetes, high blood pressure, breathing difficulty, 30% blockage in aorta, severe tendinitis."  At the hearing before the ALJ, Plaintiff also indicated that she had issues with depression and anxiety that prevented her from working.

As supporting evidence, Plaintiff submitted medical records from Dr. Mark Ofenloch, her treating psychologist.  Dr. Ofenloch offered an opinion regarding Plaintiff's mental limitations on September 15, 2015, indicating that Plaintiff suffered from "significant depression," and "can function okay at times, but not consistently enough to hold a job."  At that time, Dr. Ofenloch had been treating Plaintiff with individual therapy sessions once or twice a month for nearly fourteen months.  Plaintiff's medical records further indicated that Dr. Ofenloch had assigned her a global assessment of functioning ("GAF") rating of 38 in July 2014, at her initial visit.

Additionally, Plaintiff provided records from Dr. Caryn Brown, who performed two psychological consultative exams on Plaintiff. The first was performed on November 29, 2013. Dr. Brown noted that Plaintiff "said her disability is primarily physical in nature," and when asked about "a history of mental health treatment," Plaintiff responded, "Do I have to answer that? I don't worry about myself mentally cause I am never alone. I would never hurt myself." Dr. Brown noted that during the exam, Plaintiff "tearfully explained" how she used to pay all of her household bills, but had become unable to because she loses "her train of thought." Dr. Brown found Plaintiff "demonstrated impairment in her ability to sustain her concentration and attention," and "may need assistance managing her funds." Dr. Brown diagnosed Plaintiff with depressive disorder not otherwise specified and ruled out cognitive amnestic disorder, with a GAF rating of 55.

On December 19, 2013, Dr. Brown performed a second consultative exam. This time, Dr. Brown found Plaintiff "demonstrated no impairment in her ability to sustain her concentration and attention," and that Plaintiff "appears capable of managing her funds." She concluded that Plaintiff's test results did "not support an Amnestic Disorder or Cognitive Disorder diagnosis." She did not discuss her previous opinion about Plaintiff's depression, nor did she assign Plaintiff a new GAF rating.

After the hearing, the ALJ issued a written order, finding that Plaintiff was not disabled. In conducting the five-step process, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 29, 2013, the alleged onset date. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, diabetes mellitus, coronary artery disease, chronic obstructive

pulmonary disease, hearing loss, and chronic headaches. The ALJ also found that Plaintiff had several non-severe impairments, including depression and anxiety. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "medium work as defined in 20 CFR 404.1567(c) except she can occasionally climb ladders, ropes, and scaffolds, she can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and, she must avoid concentrated exposure to loud noise." At step four, the ALJ found Plaintiff was unable to perform her past relevant work. At step five, however, the ALJ found that Plaintiff was able to perform other work existing in significant numbers in the national economy.

As to Plaintiff's depression and anxiety, the ALJ discussed Dr. Ofenloch's September 2015 opinion as follows:

> The undersigned gives Dr. Ofenloch's [opinion] little weight as it is inconsistent with the claimant's reported functioning throughout the record, it is inconsistent with Dr. Ofenloch's own treatment of the claimant, it is not well supported, it is not specific regarding the claimant's workplace limitations, and it opines on matters reserved to the Commissioner (20 CFR 404.1527(d)).

> For example, Dr. Ofenloch indicates that the claimant has poor to no ability to carry out short and simple instructions, yet the claimant reported to Dr. Ofenloch that she cared for multiple pets and that, with the assistance of an attorney, she has dealt with property she owned in Indiana and that was inhabited by others. Furthermore, despite indicating that the claimant's depression is moderate to severe in his treatment notes, the undersigned has found no evidence that Dr. Ofenloch has ever prescribed or recommended the claimant any medications for depression or that Dr. Ofenloch has ever conducted a formal mental status examination, and Dr. Ofenloch has seen the claimant for fifty-minute therapy sessions approximately once to twice per

month since August 2014. In short, the evidence does not support Dr. Ofenloch's September 2015 opinion.

The ALJ did not discuss Dr. Ofenloch's GAF rating. The ALJ also discussed Dr. Brown's December 2013 report, and quoted one aspect of Dr. Brown's November 2013 report, namely, that claimant had reported that her disability is primarily physical in nature, however, the ALJ did not expressly assign weight to either opinion or otherwise explain how he evaluated the opinions.

## II. Standard of Review

The Court's review of Judge Lee's R&R is *de novo*. 28 U.S.C. § 636(b). This review, however, "is limited to a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the plaintiff's claim on the merits, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).

### III. Analysis

The Commissioner objects to the Magistrate Judge's finding that the ALJ did not properly consider all of the opinion evidence presented, specifically, Dr. Ofenloch's GAF score and Dr. Brown's reports. [Doc. 26 at 2-8]. The Commissioner also objects to the Magistrate Judge's finding that the ALJ's step-two analysis is not supported by substantial evidence, arguing that, even if the Magistrate Judge's analysis of the opinion evidence is correct, such evidence was not sufficient to undermine the ALJ's finding as to step two. [*Id.* at 9-10].

### A. Dr. Ofenloch's GAF Score

As to Dr. Ofenloch's GAF score, the Commissioner notes that the Magistrate Judge concluded that the ALJ was required to articulate his reasons for discounting the GAF score of Dr. Ofenloch under a portion of Administrative Message 13066 Revised

("AM-13066-REV") which requires an ALJ to "provide good reasons" for not giving controlling weight to a "GAF from a treating source." [Doc. 26 at 4]. The Commissioner also notes that in *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498 (6th Cir. 2013), the Sixth Circuit, after the issuance of AM-13066,[2] said that no particular weight was to be given to GAF scores, but the Magistrate Judge found *Johnson* distinguishable because the GAF score in that case was issued by a one-time examiner, rather than a treating physician. [*Id*. at 4-5]. However, the Commissioner contends that Dr. Ofenloch was not a treating physician at the time of the GAF rating, which was made at the claimant's intake appointment, at which time there was not an ongoing treatment relationship to render Dr. Ofenloch a treating physician. [*Id*. at 5]. The Commissioner asserts that, because Dr. Ofenloch was not a treating physician at the time that he issued the GAF score, AM-13066-REV does not apply, and the ALJ was not required to provide good reasons for not giving the GAF score controlling weight. [*Id*.].

The Sixth Circuit takes a "case-by-case approach to the value of GAF scores." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 836 (6th Cir. 2016). ALJs are not required to place any "particular amount of weight" on a GAF score. *Johnson*, 535 F. App'x at 508. Indeed, the Sixth Circuit has held that "failure to reference a [GAF] score is not, standing alone, sufficient ground to reverse a disability determination." *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006).

---

[2] Notably, it appears that *Johnson* was decided after AM-13066 was issued, but before it was revised.

In July 2013, the Social Security Administration ("SSA") issued Administrative Message 13066 ("AM-13066"), which stated in part that "[w]hen case evidence includes a GAF from a treating source and you do not give it controlling weight, you must provide good reasons in the personalized disability explanation or decision notice." *Walsh v. Colvin*, No. 3:15-cv-1708, 2016 WL 1752854, at *16 (N.D. Ohio May 3, 2016) (quoting SSA, Global Assessment of Functioning (GAF) Evidence in Disability Adjudication, AM-13066 (July 22, 2013)). In October 2013, the Sixth Circuit in *Johnson* found that the ALJ did not err in failing to address a non-treating physician's GAF score, because the ALJ considered the claimant's post-traumatic stress disorder and depression, and no particular weight was required to be placed on a GAF score. *Johnson*, 535 F. App'x at 508.

Thereafter, the SSA issued AM-13066-REV, which stated that, although the American Psychiatric Association's fifth edition of the Diagnostic and Statistical Manual of Mental Disorders does not include GAF ratings for assessment of mental disorders, "we continue to receive and consider GAF in medical evidence." *Walsh*, 2016 WL 1752854, at *16 (quoting SSA, GAF Evidence in Disability Adjudication-REV, AM-13066-REV (October 14, 2014)). Additionally, AM-13066-REV "states that 'when case evidence includes a GAF rating from a treating source, adjudicators must consider the GAF rating . . . and provide good reasons in the personalized disability explanation or decision notice why you assigned it the weight you assigned.'" *Id.* (quoting AM-13066-REV).

Several courts in this circuit have noted that the directive to provide "good reasons" for the weight assigned to a GAF score from a treating source in AM-13066 and AM-13066-REV appears to conflict with Sixth Circuit case law that ALJs are not required

to consider GAF scores. *See e.g., McCoy v. Comm'r of Soc. Sec.*, No. 3:15-cv-2308, 2016 WL 6565559, at *14 (N.D. Ohio Nov. 4, 2016); *Walsh*, 2016 WL 1752854, at *17. Additionally, this Court has noted that AM-13066 is a new policy that is contrary to this Circuit's prior policy that ALJs are not required to consider GAF scores. *Rivera v. Comm'r of Soc. Sec.*, No. 1:13-cv-337, 2015 WL 4550329, at *9 (E.D. Tenn. July 28, 2015).

The Court agrees with Judge Lee that under AM-13066-REV, the ALJ was required to discuss the weight given to Dr. Ofenloch's GAF rating, given that Dr. Ofenloch was the claimant's treating physician. Although prior case law held that an ALJ's failure to address a GAF rating was not reversible error, AM-13066 and AM-13066-REV appear to require the ALJ to address a treating physician's GAF score. Although the ALJ provided reasons for giving little weight to Dr. Ofenloch's September 2015 opinion, and such reasons may likewise apply to Dr. Ofenloch's GAF rating, the ALJ was required to provide "good reasons" in his decision for discounting Dr. Ofenloch's GAF rating, and this Court will not presume what the ALJ's "good reasons" may have been.

As to the Commissioner's argument that AM-13066-REV is inapplicable because Dr. Ofenloch was not a treating source at the time of his July 2014 GAF rating, this Court finds such argument unpersuasive. A "treating source" is defined as the medical source who provides the claimant "with medical treatment or evaluation" and has "an ongoing treatment relationship with" the claimant. 20 C.F.R. § 404.1527(a)(2). An ongoing treatment relationship is established when the claimant sees "the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)." *Id.* A single visit to a physician does

not constitute an ongoing treatment relationship rendering that physician a treating source. *Miller*, 811 F.3d at 836 n.7; *Kornecky v. Comm'r*, 167 F. App'x 496, 506-07 (6th Cir. 2006).

Here, the Commissioner appears to agree that Dr. Ofenloch became the claimant's treating physician by the time of his September 2015 opinion, but argues that Dr. Ofenloch was not yet a treating physician at the time of the July 2014 GAF rating, because the GAF rating was provided at the claimant's first appointment. However, the Commissioner does not cite any case law that supports making distinctions between opinions provided by a treating physician at the beginning of the treatment relationship and those provided later in the treatment relationship. Although in *Kornecky* the Sixth Circuit noted that a single visit to a psychologist was insufficient to render the psychologist a treating source, and declined to address whether the psychologist could have become a treating source in the future, *see Kornecky*, 167 F. App'x at 506, here, in contrast, the claimant continued to see Dr. Ofenloch, who did in fact become her treating source. This Court finds no basis for concluding that Dr. Ofenloch's medical opinion from Plaintiff's initial visit, which was never amended during the treatment relationship, should not be afforded the protections provided for medical opinions from a treating source. Accordingly, this Court finds that AM-13066-REV was applicable, and the ALJ was required to provide good reasons for discounting Dr. Ofenloch's GAF rating. Moreover, "because a federal agency is obligated to follow its own regulations, and because that regulation confers a procedural protection on disability claimants," the ALJ's failure to provide good reasons for discounting Dr. Ofenloch's GAF score cannot be harmless error. *Kornecky,* 167 F. App'x at 507.

## B.  Dr. Brown's Medical Reports

As to Dr. Brown's medical reports, the Commissioner asserts that such reports were not "medical opinions," because Dr. Brown failed to state "what Plaintiff could still do," and therefore, contrary to the Magistrate Judge's conclusion, the ALJ did not err in failing to expressly assign any particular weight to these reports.  [Doc. 26 at 8].

Although an ALJ is not bound by any findings made by non-treating physicians, the ALJ must evaluate a consultative physician's opinion using the relevant factors in 20 C.F.R. § 404.1527(c)(2)-(6), the same factors used to analyze the opinion of a treating physician. 20 C.F.R. § 404.1527(c).  "Unless a treating source's opinion is given controlling weight," the ALJ "must explain in the decision the weight given to the opinions of . . . nontreating sources."  *Id*. § 404.1527(e)(2)(ii).  "Medical opinions" are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions."  *Id*. § 404.1527(a)(2).

The R&R addresses the Commissioner's argument that Dr. Brown's reports are not "medical opinions," and this Court agrees that the Commissioner's distinction between "medical reports" and "medical opinions" is not compelling.  The Code does not indicate that a psychologist's report that reflects judgments about the nature and severity of the claimant's impairment, but fails to state what the claimant can still do despite the impairment, cannot be considered a medical opinion.  Likewise, the Commissioner has cited no legal source that indicates such.  Accordingly, this Court agrees with Judge Lee

that Dr. Brown's reports constituted medical opinions, and the ALJ was required to give some explanation as to how he evaluated these opinions, since the claimant's treating source's opinions were not given controlling weight. This Court further agrees with Judge Lee that this error was not harmless, as Dr. Brown's opinions contained a GAF rating of 55, which indicates "moderate symptoms or moderate difficulty in social or occupational functioning." *Kornecky*, 167 F. App'x at 511 (citing the Diagnostic and Statistical Manual of Mental Disorders, Am. Psychiatric Ass'n, 4th ed. (2000)). Such GAF score is thus inconsistent with the ALJ's findings concerning Plaintiff's mental impairments, and this Court will not offer its own post hoc rationale as to why the ALJ discredited Dr. Brown's opinion.

## C. Step Two Analysis

Finally, the Commissioner contests the Magistrate Judge's conclusion that the two opinion evidence errors discussed above render the ALJ's step-two analysis unsupported by substantial evidence. [Doc. 26 at 9]. The Commissioner asserts that the ALJ provided a thorough discussion of the evidence that demonstrate that Plaintiff's mental impairments did not cause more than minimal impact on her ability to perform basic work activities, and the existence of conflicting evidence, including GAF ratings and Dr. Brown's examination findings, does not invalidate the ALJ's conclusions. [*Id*. at 10].

The Court agrees with Judge Lee that the ALJ's step-two analysis is not supported by substantial evidence because the ALJ failed to address Dr. Ofenloch's GAF rating and failed to weigh Dr. Brown's opinions, both of which play a significant role in the step-two analysis. Although the Commissioner correctly notes that the existence of conflicting

evidence does not invalidate an ALJ's conclusions under the substantial evidence standard, because the ALJ did not address how he evaluated, or what weight he attributed to, Dr. Ofenloch's GAF score and Dr. Brown's reports, it is not clear that the ALJ discounted this conflicting evidence in favor of other evidence. Thus, although the ALJ cited other evidence supporting his conclusion, that the claimant's limitations were mild, to deem the evidence from Dr. Ofenloch's GAF score and Dr. Brown's reports simply conflicting evidence that does not require reversal would require this Court to assume that the ALJ considered this evidence and dismissed it in favor of other evidence, which is not reflected by the current record. This Court declines to address what weight the ALJ would have given to this evidence, and instead, agrees with the R&R that the ALJ's failure to address the weight given to this evidence is reversible error in the step-two analysis.

## IV. Conclusion

After a careful review of the record and the parties' pleadings, the Court is in complete agreement with the Magistrate Judge's recommendation that Plaintiff's motion for summary judgment be granted in part, the Commissioner's motion for summary judgment be denied, and the Commissioner's decision denying benefits be reversed and remanded. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Thus, for the reasons stated in the R&R, which the Court adopts and incorporates into its ruling, Plaintiff's motion for summary judgment [doc. 17] is **GRANTED IN PART**, the Commissioner's motion for summary judgment [doc. 21] is **DENIED**, and the Commissioner's decision denying benefits is **REVERSED AND REMANDED** for further proceedings consistent with this order.

**IT IS SO ORDERED.**

_____ s/ Thomas W. Phillips _____
SENIOR UNITED STATES DISTRICT JUDGE